## NICHOLS V. COUNCIL.

1. PUBLIC LANDS: *Alienation of homestead.*

> The provision of the original homestead act of congress, which inhibits the sale of lands entered thereunder, before such entry is completed, applies equally to a soldier's additional homestead, entered under the act of June 8, 1872; and under either act, the conveyance of a homestead under a

Nichols v. Council.

power of attorney executed before the application for the entry was made, is void and constitutes no defense to an action against the grantee to recover the land, although such action is brought by the homesteader.

2. SAME: *Same*: *Statute of limitations*.

Where land, entered under the homestead law, is alienated before the right thereto is perfected, the statute of limitations will not run in favor of the enterer's grantee while the title remains in the government.

[QUERE: Will the statute begin to run on the complete performance of every act necessary to perfect the right to the land, although no patent for it has been issued? See 4 Wall, 44; 22 Ib., 444; 117 U. S., 151.]

APPEAL from *Franklin* Circuit Court, Charleston District.

G. S. CUNNINGHAM, Judge.

*Cos. Altenberg*, for appellant.

The title of the land in controversy remained in the United States government until the issuing of final proof certificate, January 12th, 1885, and the statute of limitations did not begin to run prior to the vesting of the equitable title in the appellant. See *Railway v. Prescott*, 16 Wall, 603, and *Diver et al. v. McSwine* 22 Wall., 444; *Friedheim*, 43 Ark., 204.

*As to the statute of limitations:* It was error on the part of the lower court to permit the appellees to introduce evidence to show peaceable and adverse possession of said land prior to vesting of equitable title from the United States government to appellant, January 12th, 1885. See *Diver et al. v. Friedheim, supra;* also *Simmons v. Ogle*, 105 U. S., 271. As long as the title remained in the United States government, the statute of limitations did not run against appellant. See *Simmons v. Ogle, supra;* also *Ross v. Evans*, 65 Cal., 439.

*As to public lands:* The power of congress over the disposition of the public lands within the state is expressly recognized to exist by the organic law of the state. See Mansfield's Digest, p. 152; Acceptance of Compact, approved October 18th, 1836.

See *United States v. Gratiot*, 14th Peters, 526. *Congress has the sole power* to declare the effect and precedence of title to public lands emanating from the United States. See *Bagnell v. Broderick*, 13 Peters, 436. A patent carries the fee and is the best title known to a court of law. See *Bagnell v. Broderick, supra;* also *Hooper v. Schiemer*, 23d Howard, 235. The appellant presented a patent from the United States government for the lands in controversy, dated Nov. 30th, 1885, issued under an act of congress approved May 20th, 1862, which could not be successfully questioned by appellee. See *Drew v. Valentine*, 18th Federal Reporter, 712.

*Alienation of homestead is against public policy and void.* The appellee's deed, presented and read as evidence to the the jury, was illegal and void for the reason that it was dated prior to issuing of final proof certificate for said lands, and for the further reason that it was predicated on a power of attorney executed prior to date of homestead entry, and is illegal and void as against public policy. See acts of congress, approved May 20th, 1862. A power of attorney, deed of conveyance or contract, executed by a homestead entryman prior to five years' residence or final proof certificate, is illegal and void. See *Seymour v. Sanders*, 3d Dillon, 440, and *Cox v. Donnelly*, 34 Ark., 762, and *Sorrels v. Self*, 43d Ark., 451; *Shorman v. Eakin*, 47th Ark., 351, and *Marshall v. Cowles*, in manuscript. It was error to admit power of attorney and pretended deed as evidence to the jury on the question of estoppel. No one can estop himself from taking advantage of that which is contrary to public policy. See *Shorman v. Eakin, supra*, and *Thompson v. Dauksum*, 68 Cal., 593, and *Thrift v. Delany*, 69 Cal., reported in 10th Pacific, 475; *Hutton v. Frazier*, 37 Cal., 475; *Law v. Hutchings*, 41 Cal., 637.

*Ed. H. Mathes*, for appellees.

The theory of appellant on the trial below seemed to be, that inasmuch as he had executed the power of attorney to Wittich, authorizing him to sell the land in controversy before he made his final proof of residence and cultivation as required by law, the power of attorney was therefore void and appellees acquired no title under the deed from Wittich. There is no evidence whatever in the transcript to support this theory.

The acts of congress upon the subject of homesteads, etc., provide that persons who served in the federal army or navy, and who had, prior to the act of June 8th, 1872, entered as a homestead a quantity of the public lands less than 160 acres, might, after that date, take up an additional amount, sufficient to make a full quarter section or 160 acres. This was called a "soldier's additional homestead," and proof of residence upon and cultivation of his original homestead was all the proof that was or could be required. Revised Statutes of the United States, section 2306. The patent from the United States, relied on by the appellant in this case, shows on its face that no final proof of any kind was required, as it conveys two separate tracts of land lying several miles apart, and it is impossible he could have lived upon and used both as a homestead. As to proof required on original homestead, see section 2291, Revised Statutes.

The natural and legitimate presumption, then, is that he had made his original entry of 40 acres only, and had made the proof of residence and cultivation as required by section 2291 before he applied for the 120 acres named in the patent. The power of attorney to Wittich refers to any lands he may be entitled to under the act of June 8th, 1872.

The plaintiff in ejectment must recover on the strength of

his own title and not on the weakness of that of the defendant. *Rice v. Harrell*, 24th Ark., 402. And if the appellant did, in fact, enter into a contract to sell his land before he made final proof as required by law, then he forfeited all his interest in the land, and obtained his patent from the government through fraud. In making final proof on original homesteads the entryman must swear and prove by two witnesses that he has not mortgaged, sold or contracted to sell any part of the land. See "Circular from general land office, showing the manner of proceedings to obtain title to public lands," issued March 1st, 1884, pages 24, 25, and form 4—369, pages 86, 87. Also, forms 4—008 and 4—197, page 91. The last is the form of the certificate of the receiver of the United States land office, and shows that no final proof, except that already made on the original entry, is required on these additional entries.

The truth is, appellant made the entry according to law, sold the land through his attorney for a hundred dollars, and when the government, in ignorance of the sale, issued the patent to him, tried to take advantage of an apparent wrong of his own, and demanded possession of the land. His after-acquired or perfected title only inured to the benefit of his vendee. Mansfield's Digest, sec. 642.

The authorities are numerous on the proposition that any sale or disposition of the homestead before final proof is contrary to public policy and void; but they will be found upon examination to refer always to original entries and not to the additional privilege allowed to soldiers and sailors.

The register and receiver are instructed to receive the application for a soldier's additional homestead and to issue his final certificate at the same time, thus showing that no proof

of any kind is required. See top of page 25 of the circular from the general land office, issued March 1st, 1884.

COCKRILL, C. J.

Nichols brought his action of ejectment in 1886 against Council for the posession of 80 acres of land, relying upon a patent from the United States, issued, as it recites, "pursuant to the act of congress approved 20th May, 1862, to secure homesteads to actual settlers on the public domain, and the acts supplemental thereto." The homestead entry upon which the patent is based, was made November 13th, 1875, the final proof certificate issued January 12th, 1885, and the patent followed in November of the latter year.

The defence was a conveyance from the plaintiff to the defendant's ancestor, and seven years adverse possession under that claim of title.

The conveyance under which defendant claims, was executed by one Wittich on the 18th day of November, 1875, pursuant to a power of attorney from the plaintiff, dated August 24th of the same year. It empowered the attorney to convey any lands of which the plaintiff was then, or might thereafter become seized, including any which might be located under the soldier's additional homestead act of June 8th, 1872, under which, the instrument recited, the plaintiff was then entitled to enter 120 acres in additon to what was called his "[my] forty acre homestead."

From this statement it will be seen that the power of attorney, which is the basis of the defendant's claim of title, was executed by the plaintiff before he had made application to enter the land for a homestead. But it is against the policy of the United States homestead laws to permit a conveyance of any part of the homestead before the entry is completed. An

1. PUBLIC LANDS: Alienation of homestead

agreement to convey or a conveyance by the homesteader is. therefore void, and it is the recognized doctrine that the public interest requires that the courts shall lend their aid to carry out the policy of the statute, notwithstanding the homesteader is the plaintiff and party to an agreement looking to the violation of the law. *Cox v. Donnelly*, 34 Ark., 762; *Sorrels v. Self*, 43 Id., 451; *Shorman v. Eakin*, 47 Id., 351; *Marshall v. Cowles*, 48 Id., 362.

It is argued that the land in suit was entered by the plaintiff as a soldier's additional homestead under the act of June 8th, 1872, and that the inhibition of sale contained in the original homestead act does not apply to this class of homesteads. The record does not make apparent the fact contended for, but the conclusion as to the law would not follow if we should view the facts as the appellee does.

What is known as the soldier's additional homestead right is the privilege granted by the second section of the act of June 8th, 1872, to honorably discharged soldiers and sailors who had previously made homestead entries of less than 160 acres, to make an additional entry of a sufficient number of acres to make the aggregate 160. The act is supplemental to the original homestead law. The first section, which favors the veteran by deducting his time of actual service from the period of residence on the land required by the general homestead law, expressly requires of those who attempt to. take advantage of its terms, a compliance with the provisions of that law, except as modified by the new act. One of those provisions is an affidavit by the enterer on making final proof, that he has not alienated any part of the land. The soldier who makes an original homestead entry under this act is then, by the express terms of the law, subject to this provision, and there is no general policy manifested by·

Nichols v. Council.

the act to remove his incapacity to alienate before final entry. The section which confers the additional homestead right contains nothing that indicates a change of this policy. No procedure to govern in making the additional entry is provided. The old law, therefore, so far as applicable, must govern, for no rule of construction warrants the conclusion that a repeal of the law in force at the passage of the act was intended, except as it is expressly changed or irreconcilably conflicts with the last act. Whatever other proof required by that law is dispensed with in an effort to acquire the additional homestead, that of non-alienation has not been. The practice adopted by the land department requires it. See French's Case, 2 Land Decisions of Interior Department, 235.

It follows that the additional homestead which the soldier may acquire is inalienable before the right is perfected. This leaves the defendant to stand upon his plea of adverse possession. But the statute of limitations could not be put in motion while the title was yet in the United States. *Gibson v. Choteau*, 13 Wallace, U. S., 92; *Simmons v. Ogle*, 105 U. S., 271.

2. SAME: Same: Statute of limitations.

If the statute can run at all before the patent issues, it would be only in a case where the right to the patent has been completed by the performance of every act going to the foundation of the right. In such cases it has been held by the supreme court of the United States that the land is segregated from the public domain; that it becomes private property and consequently the subject of sale for taxes. *Witherspoon v. Duncan*, 4 Wall., 210; *Railway v. McShane*, 22 Ib., 444; *Van Brocklin v. Tennessee*, 117 U. S., 151. The same reasoning, it would seem, would give operation to the statute of limitations. But in this case the right to the

patent did not accrue until the patent certificate issued in 1885, which was only one year before suit was brought. The verdict and judgment, then, cannot be sustained on that theory.

Reverse the judgment and remand the cause.