DILLARD *v.* KELLEY.

4-7071                                           171 S. W. 2d 53

Opinion delivered May 10, 1943.

*W. F. Reeves,* for appellant.

*N. J. Henley,* for appellee.

McHANEY, J. Appellants and appellee are closely related, Mr. Dillard being a brother to appellee's first husband, Ted Dillard, and Mrs. Dillard being appellee's aunt, a sister to appellee's mother. Prior to the divorce between appellee and Ted Dillard in 1940, they had lived as close neighbors and friendly relatives, but subsequent thereto appellee married one Kelley and disagreement arose.

On September 23, 1942, appellee filed this action against appellants for specific performance of a certain contract between them for the sale of a 40-acre tract of

land and for an accounting of the rents and profits there-from and to quiet her title thereto. The complaint alleged that, in 1938, she and appellants entered into an oral contract whereby they sold to her and delivered the possession to her of said 40-acre tract of land, described as northwest, southwest 23, 17 north, 15 west, and that she immediately took possession and made valuable improvements thereon, consisting of a 4-room bungalow, a cistern, a barn and cleared and fenced about 15 acres thereof, of the reasonable value of $700, and continued in the actual possession for two years; that the consideration for said lands has been fully paid; that she went to Oklahoma for about two years, leaving her tenant in charge; and that during her absence, appellants took possession from her tenant and are now claiming to be the owners. She further alleged that at and prior to the date of said contract of sale, appellant, Bazze Dillard, had applied for and received a donation certificate from the state to the 40-acre tract here involved, and it appears that at the same time he applied for and received a donation certificate to the adjoining 40 acres immediately west, in section 22, and had agreed that, as soon as he had made complete proof and received his donation deed from the Commissioner of State Lands, he would in turn execute and deliver his deed to her to the land here involved; and that although he had received his donation deed from the state on August 14, 1940, and, although she had made frequent demands on him so to do, he had failed, refused and neglected to execute and deliver to her his deed to said land.

Summons for appellants was issued and duly served in person on Bazze Dillard and a copy was served on his wife by delivery to him for his wife. They filed no answer or other pleading, but wholly made default. The case came on for trial on October 26, 1942, the first day of the October term more than 30 days after service, was heard upon the complaint, the proof of service and upon the oral testimony of appellee and two other witnesses, and the court entered a decree in conformity with the prayer of the complaint and gave judgment against appellants for $150 as damages for the unlawful detention

of said property, and ordered a writ of possession to issue if possession were not surrendered within a reasonable time.

Thereafter, on November 2, 1942, appellants filed separate motions to set aside said judgment and to grant them a trial on the merits. They alleged that the judgment was contrary to law in that the complaint shows on its face that the alleged contract was unlawful and against public policy because it involved the sale of a portion of a donation entry and could not be enforced; that the decree was without evidence to support it; and that no defense was made because he thought the action was one on a promissory note he had theretofore given appellee. Mrs. Dillard made the additional contention that she was not served with summons. The court overruled these motions and this appeal is from the order refusing to set aside the former decree.

The principal contention for a reversal is based on the provisions of § 8638 of Pope's Digest which sets out the procedure for obtaining donation of tax forfeited lands belonging to the state and which requires an affidavit of the person so applying for donation, stating his qualifications, "and that the land applied for is for the purpose of actual settlement, occupancy and cultivation by the applicant for his or her own exclusive benefit, and not directly or indirectly for the benefit or use of any other person whomsoever." We think this statute has no application here. Appellant Bazze Dillard had applied for and received a donation certificate prior to making the agreement with appellee to sell her the 40-acre tract here involved. He had made the affidavit required by said statute at a time when he had no agreement with appellee to convey to her and she was not a party to its making or had anything to do with it, and even though he may have agreed to convey same to someone else prior to making the entry in violation of said statute, it is not shown that she was in *pari delicto* with him, or that she was a participant in any wrong committed by him. One of the exceptions to the rule that courts will not grant relief to a party who has engaged in a fraudulent transaction, or one against public policy,

is stated in *Hutchinson* v. *Park*, 72 Ark. 509, 82 S. W. 843, as follows: "One of these exceptions is when the party suing, through (though) *particeps criminis,* is not in *pari delicto* with the adverse party." Also in *Bowen* v. *Lovewell,* 119 Ark. 64, 177 S. W. 929, it was held: "While a transaction contrary to public policy is void, however, one who is not in *pari delicto,* or who is not a participant in the wrong at all, is not, on account of the character of the transaction, barred from asserting rights under it." Headnote 6. So, we conclude appellee was not a party to any wrong that may have been committed by Dillard and is not barred from asserting her rights under her contract with him. Appellants cite and rely on *Marshall* v. *Cowles,* 48 Ark. 362, 3 S. W. 188, and other cases, holding that where lands of the U. S. have been homesteaded by one for the benefit of another, under agreements in advance of the entry, such agreements will not be enforced, but we have no such case here, and these cases are not in point.

The contract was oral, but she immediately entered into possession of the land, and made valuable improvements thereon with the knowledge and consent of appellants, which takes the contract out of the statute of frauds, and we think appellants are precluded from now asserting rights to the contrary, including the homestead and dower rights of Mrs. Dillard, assuming without deciding that, at the time of the contract in 1938, she had an equitable interest in the land sufficient to base a claim for homestead and possibility of dower. In the recent case of *Nicholas* v. *Ward, ante,* p. 318, 168 S. W. 2d 1095, we held under similar facts that, quoting headnote 3: "The husband having the right to say where the home shall be may abandon homestead or any part thereof without consent of his wife," and we there also held, as we do here, that the evidence was sufficient to show that the wife joined in the oral contract to convey, although she denied having done so.

Appellant Bazze Dillard was personally served with summons and he accepted service for his wife. Assuming that the service on her was not good because not in

852

conformity with the statute, § 1360, Pope's Digest, the court did not err in refusing to set aside the former decree, as to him, because of his own negligence in failing to defend, and as to her, because she has shown no valid defense to the action. Appellant Bazze Dillard admitted that he told appellee's mother and stepfather, since this decree was rendered, that if appellee and Ted Dillard "had done right and lived together, that I would have given them a deed or that I intended to make them a deed." The fact that his brother and appellee were divorced and are not now living together does not excuse him from performing a valid contract with appellee.

Affirmed.

McFADDIN, J., concurs.