Ray M. SMITH *v.* L. Conger SMITH

CA 79-267                                   597 S.W. 2d 848

Court of Appeals of Arkansas
Opinion delivered April 16, 1980
Released for publication May 7, 1980

*Brown, Compton & Prewett,* by: *William I. Prewett,* for appellant.

*McMillan, Turner & McCorkle* and *Wynne, Wynne & Wynne,* by: *H. W. McMillan,* for appellee.

ERNIE E. WRIGHT, Chief Judge. In July, 1978, the appellee filed action against appellant and his wife for specific performance to require them to execute a deed for 72 acres of land pursuant to an alleged agreement to sell the land to appellee.

The appellant answered the complaint denying appellee was entitled to specific performance, and interposed the defenses of limitations, laches and estoppel, and by counterclaim sought to have his title quieted.

Mrs. Ray M. Smith demurred to the complaint on the ground there was no allegation she joined in any agreement of sale. The court decreed specific performance against appellant, but denied relief against appellant's wife.

The appellant seeks reversal of the decree requiring specific performance on the following grounds: (1) appellee is barred by laches, (2) appellee should be denied relief for failure to tender balance owed and for default in payments, and (3) specific performance is improper.

The appellee by cross-appeal seeks reversal of the portion of the decree requiring him, as a condition for specific

performance, to pay additional sums, which he contends relate to separate open account debts; and failure of the court to decree the dower of Mrs. Ray M. Smith barred.

In 1963, the appellant agreed to sell 72 acres of land in Dallas County, Arkansas to his brother, L. Conger Smith, appellee for the sum of $5490.00. The appellant's wife did not join in the agreement. The appellee had been renting the land from appellant for the past several years, and after the agreement for sale the appellee continued in possession, and made improvements to the property. The memorandum of sale dated December 17, 1963, executed by appellant but not by his wife, acknowledged receipt of $2490.00 from the appellee on the purchase price for the 72 acres described in the receipt, and recited the balance of $2900.00, bearing 4.6% interest was to be paid within two years. The appellee did not pay the balance of the purchase price within two years, but made various payments up to April 6, 1972.

In the fall of 1977 the appellee went to appellant to try to determine and pay what, if anything, he owed, and obtain a deed. The appellant declined to give appellee a deed and claimed appellee still owed a substantial sum.

Early after the agreement the appellant suggested to appellee that appellant pay the taxes and these were charged back to appellee, and were included in the aggregate appellee still owed. The appellee introduced copies of records kept by appellant showing numerous charges to appellee for interest and taxes. Appellant's record showed additions to the debt of $3348.00 on March 26, 1970, which appellant testified was a loan to appellee, and a charge of $200.00 on March 26, 1971 he testified appellee agreed to pay for efforts of appellant in helping obtain settlement of a road condemnation matter with the county. Appellee denied the additional loan and denied the $200.00 charges for services.

Appellant conceded the appellee had paid him more than the deferred balance on the land contract, but testified he loaned appellee $3348.00 on March 26, 1970 and he was entitled to the additional $200.00 as agreed for services rendered in 1971. The appellant's record reflected a balance

of $2181.04 owed by appellee as of September 6, 1977, and he testified he had credited payments on the appellee's indebtedness other than on the land sale agreement, and the balance of the debt was owed on the land sale.

The appellant testified he considered the agreement good for only two years from the last payment in 1972, and after that time he determined not to deed appellee the property but would allow him to use it and eventually it would revert to appellant.

The court found the memorandum dated December 17, 1963, was executed by L. C. Smith, that the appellee had made various payment to appellant from January 13, 1967 through April 6, 1972, as shown by appellant's records aggregating $6431.40, and that there was a balance due appellant as of June 6, 1977 in the sum of $2181.04. The court accepted the record and testimony of the appellant as to the status of the debt.

The court ordered specific performance by appellant requiring him to execute a warranty deed to appellee on payment of the balance of $2181.04, together with interest from June 6, 1977 until tender is made, plus any amount which appellant may pay for taxes on the land subsequent to June 6, 1977. The decree further provided that the parties should determine the value of the dower interest of appellant's wife in the $5390.00 sale price of the land, which amount should be deducted from the amount payable to appellant, and that if appellant should predecease his wife within seven years from date of entry of the decree her dower shall become consumate, but if appellant does not predecease his wife within seven years from entry of the decree her dower will be barred and the amount withheld paid to appellant who shall have a lien on the property to secure payment.

After a careful review of the evidence, we are unable to say the chancellor's finding of facts is contrary to a preponderance of the evidence, and therefore, we do not disturb the court's finding as to the balance owed by appellee. We do not reverse the chancellor on findings of fact unless the

findings are contrary to the evidence. *Christy* v. *Nabholz Supply Co.,* 261 Ark. 127, 546 S.W. 2d 425 (1977).

We conclude the court correctly refused to hold the appellee, who had continuous possession of the property since the agreement of sale in 1963, was barred from asserting his rights to specific performance by reason of limitations, laches or estoppel; and we point out the written memorandum made no provision for the forfeiture of appellee's contractual rights for failure to timely pay the deferred balance of the purchase price. We find no evidence of prejudice to appellant by reason of the delay of appellee in filing suit, and appellee is not barred by limitations, laches or estoppel. Also, the appellant's own records reflect he continued to consider appellee indebted to him upon the land until the year prior to the filing of the complaint in July, 1978.

The court was correct in directing the debt to be paid to appellant as a condition for obtaining a deed be reduced by the value of Mrs. Ray M. Smith's dower interest in the $5390.00 sale price. *Sebold* v. *Williamson,* 203 Ark. 741, 158 S.W. 2d 667 (1942). The appellant has not yet conveyed his interest in the property and Ark. Stat. Ann. § 61-226 (Repl. 1971), which operates to bar dower after the lapse of seven years following conveyance by the husband is not applicable. A mere contract to convey does not cause the statute to become operative. In the case of *Dillard* v. *Kelley,* 205 Ark. 848, 171 S.W. 2d 53 (1943), cited by appellee, specific performance was granted against both husband and wife, but the evidence was that appellant's wife joined in the contract to convey the land. In the present case there is no evidence appellant's wife agreed to sell.

The value of the dower was left to the parties to determine, but the degree should be modified to provide the value of the dower shall be determined by the court should the parties fail to agree on the value.

The decree should also be modified to provide that if appellant does not predecease his wife within seven years from execution and delivery of a deed to appellee the inchoate dower of Mrs. Ray M. Smith will be barred, and the amount

deducted in lieu of dower from the sum payable to appellant as a condition for obtaining the deed shall be paid by appellee to appellant and the appellant shall have a lien on the land to secure such payment.

As to the cross-appeal, we hold the court did not err in treating payments by the appellee subsequent to the open account charges as payments on the open account rather than the land contract, and in requiring payment of the remaining debt as a condition for specific performance. *Miles* v. *Teague,* 246 Ark. 1288, 441 S.W. 2d 799 (1969).

Affirmed as modified.