## McClintock v. Robertson.

Opinion delivered April 17, 1911.

APPEAL AND ERROR—EFFECT OF ORDER REMANDING CAUSE.—Under an order on former appeal remanding a chancery cause with directions to deny appellees therein the right to redeem, the court properly declined to reopen the cause for matters which were known to such appellees when the suit was instituted.

Appeal from Lee Chancery Court; C. F. Greenlee, Special Chancellor; affirmed.

P. D. McCulloch and Norton & Hughes, for appellants.

S. H. Mann, ior appellee.

The issue on former appeal, 86 Ark. 255, was the right of appellants to redeem, and it was remanded to the lower court "with directions to deny to appellees (appellants here) the right to redeem." They had no right to raise the same issue again by an amendment to their motion to redeem, and appellee's demurrer thereto should have been sustained. 79 Ark. 193; 13 Pl. & Pr. 861 and cases cited.

HART, J. This is the second appeal in this case. The opinion on the former appeal is reported in 86 Ark. 255 under the style of Robertson v. McClintock, and reference is made thereto for a statement of the case. The decree was reversed, and the cause remanded "with directions to deny appellees the right of redemption." Upon the remand of the cause, McClintock and Roleson filed a supplemental pleading in which they set up facts which they alleged estopped Robertson from claiming title to the lands in controversy. It is not necessary to set out the matters constituting the alleged estoppel. It is sufficient to say they were matters existing and known to the parties at the time the suit was instituted.

Robertson demurred to the amended pleading. Subsequently he filed an answer thereto. Upon the hearing of the cause, the chancellor found that McClintock and Robertson were not entitled to redeem the land, and a decree was entered confirming the sale of the commissioner to Robertson. McClintock and Roleson have appealed.

The decree of the chancellor was right. That this court has the power, in furtherance of justice, to remand any cause in

equity to be opened is settled by the decisions in *Carmack* v. *Lovett*, 44 Ark. 180; *Gaither* v. *Gage*, 82 Ark. 51; *Carlile* v. *Corrigan*, 83 Ark. 136, and other reported cases of this court. But this cause was remanded with directions to deny McClintock and Roleson the right to redeem. The matters of their supplemental pleading existed when the suit was instituted, and could have been pleaded and considered on the first submission in the chancery court. The issue there was the right of McClintock and Roleson to redeem, and they should have presented all the defenses they had to the confirmation of the sale. "On final judgment they must be held to have litigated all the questions that could have been settled that were necessary for the determination of the issue presented.", *Hollingsworth* v. *McAndrew*, 79 Ark. 185; *Hill* v. *Draper*, 63 Ark. 143.

Therefore, after the cause was remanded with directions to deny them the right to redeem, the court had no jurisdiction to open the case.

The decree will be affirmed.