## LaCotts *v.* LaCotts.

### Opinion delivered May 24, 1915.

APPEAL AND ERROR—REVERSAL WITH DIRECTIONS—CONCLUSIVENESS.—The reversal by the Supreme Court of a decree in chancery with directions to the chancery court to enter a certain decree, is conclusive of all the issues that were presented in the case or that could have been presented.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Samuel Frauenthal, W. N. Carpenter* and *J. M. Brice,* for appellant.

1. The appellant is not estopped. The question of the validity and legality of the decree upon which the appellee, George LaCotts' title is based, was not passed upon or acted on by this court, on the former appeal. The question is not *res adjudicata.* 50 Ark. 190; *Ib.* 338; 97 *Id.* 611; 21 *Id.* 364; 105 *Id.* 5.

Whatever pleadings or matters were set up in the former case, they were simply a *collateral* attack upon the decree and the issue here has never been decided. 97 Ark. 450; 96 *Id.* 540; 75 *Id.* 1; 91 *Id.* 394.

2. The question is not *res adjudicata.* 2 Am. & E. Ann. Cas. 650; 3 *Id.* 86; 8 *Id.* 773; 122 Ala. 611; 20 So. 660; 90 Kans. 196; 135 Wisc. 38; 75 Ark. 150; 89 Ark. 509.

3. The decree in *LaCotts v. Gibson,* is fatal, defective and void on appeal, or direct attack. 97 Ark. 151; 72 *Id.* 185; Kirby's Dig., § 4424.

*Botts & O'Daniel,* for appellee.

1. The questions raised were settled on the former appeal. The matters are *res adjudicata.* 109 Ark. 335, 341; 105 *Id.* 493; 76 *Id.* 423; 94 *Id.* 351-2; 82 *Id.* 1; 94 *Id.* 332;, 184, 188; 43 Ark. L. R. 424; 44 *Id.* 165; 106 *Id.* 295; 74 *Id.* 322; 91 *Id.* 394.

2. The chancery court was correct in rendering judgment in accordance with the mandate of this court. 109 Ark. 335; *Ib.* 525, 52; 106 *Id.* 292; 81 *Id.* 440.

McCulloch, C. J. This is the second appeal in this case. The former opinion is published in volume 109 of the reports, page 335, where the facts are fully set out. It is a controversy concerning the title to a quarter section of land situated in Arkansas County. The judgment of this court was that the decree of the chancery court be reversed and the cause remanded with directions to enter a decree in favor of the appellant, George La-Cotts, who is the appellee in the present appeal.

When the mandate of this court reached the chancery court, the present appellant, John A. LaCotts, who was the defendant and cross-complainant below, filed a supplemental answer and cross-complaint attacking a decree in another cause which forms the basis of this title of appellee, George LaCotts, the land having been sold to the latter pursuant to the terms of that decree, which was against John A. LaCotts. The chancellor decided that the issues presented in the amended answer and cross-complaint had been adjudicated by this court and sustained a demurrer to the same and entered a decree in favor of appellee, George LaCotts, in accordance with the mandate of this court. We are of the opinion that the chancery court was correct and that the former judgment of this court was in fact conclusive of the questions sought to be presented in the amended answer and cross-complaint. The action was instituted by George LaCotts, the present appellant, against John A. LaCotts, the present appellee, in which the plaintiff asserted title to the land under the decree mentioned and sought to have his title quieted and the defendant in that action enjoined from interfering therewith. Defendant answered, attacking the validity of the decree under which the sale was made and also alleging that the plaintiff had purchased the land and took the title thereto under the sale as trustee for the defendant and that the plaintiff should be held to be a trustee *ex maleficio*. The chancery court decided the case in favor of the defendant, but on appeal to this court the decree was reversed and, as before stated, the cause was remanded with direction

to enter a decree in favor of the plaintiff. Even if the question of the validity of the decree, which formed the basis of appellee's title, had not been expressly attacked in the pleadings, it was necessarily raised for the reason that appellee's title was in issue and that called for any attack upon the decree which involved the question of the validity and strength of appellee's title.

The principles announced by this court in several cases are absolutely decisive of the present case in appellee's favor. *Chicago Mill & Lumber Co.* v. *Osceola Land Co.,* 94 Ark. 183; *Gaither* v. *Campbell,* 94 Ark. 329; *Baker* v. *Hudson,* 117 Ark. 560. According to the decisions in those cases, a reversal of a decree in chancery, with directions to the chancery court to enter a certain decree, is conclusive of all the issues that were presented in the case or that could have been presented. However, as a matter of fact, the record of original pleadings in the case shows that the questions raised in the amended answer and cross-complaint were also raised in the original answer and cross-complaint. It appears that appellant abandoned the attack on the decree by failing to take any proof to sustain the cross-complaint, but that did not eliminate it as an issue in the case, and a decree of the chancery court or of this court on appeal, necessarily resulted in an adjudication of that question.

Appellant also treats his plea as a bill of review in the former proceedings in which the decree was rendered under which the land was sold, and has brought up the record in that case and had it consolidated with this. It necessarily follows that the last decree of the chancellor, holding that the judgment of this court bars any further inquiry into the title, eliminates the first decree from the case, and an affirmance of the chancellor's last decree is conclusive of the whole matter.

The decree is, therefore, affirmed.