SELLERS v. HORNEY.

Opinion delivered May 2, 1921.

APPEAL AND ERROR—PROCEEDINS AFTER REMAND.—Where a decree in a mortgage foreclosure was reversed with directions to ascertain from the record the amount due for advances to April 30, 1913, to render a decree for same, to declare a lien on the mortgaged property and to foreclose said lien if the judgment is not paid within a reasonable time to be fixed by the court, the chancery court had no power to change or extend such mandate or to render judgment as to advances made after April 30, 1913.

Appeal from St. Francis Chancery Court; A. L. Hutchins, Chancellor; reversed.

W. J. Lanier, for appellant.

The chancery court is bound by the directions in the mandate of this court. It can not add to nor subtract therefrom. 21 Ark. 197; 60 Id. 50; 13 Id. 654; 5 Id. 200; 106 Id. 292; 126 Id. 197. That part of the decree allowing judgment for items furnished after April 30, 1913, was error.

S. S. Hargraves and Mann & Mann, for appellees.

The former decree and mandate of this court settle this case. The chancery court has passed on the merits of this case and the decree is final, and the entire controversy is settled. 198 S. W. 961.

A court of equity having jurisdiction of part of the subject-matter will dispose of the whole case. 30 Ark. 278; 34 *Id.* 410; 14 *Id.* 50. Jurisdiction depends on the state of facts existing at the time the suit is brought and will not be ousted by subsequent events. 34 Ark. 410; 52 *Id.* 541; 92 *Id.* 15; 99 *Id.* 438; 105 *Id.* 558. See, also, 83 *Id.* 554.

McCULLOCH, C. J. Appellees instituted this action in the chancery court of St. Francis County to foreclose a deed of trust executed by appellant's intestate conveying certain real property in Forrest City to secure a debt to appellee Horney. The secured debt was evidenced by a promissory note in the sum of $1,000, due and payable on April 30, 1913, which was recited in the deed of trust, but the evidence in the case showed that the note was executed for an indeterminate amount of advances in money to be made by appellee Horney to the mortgagor. On the final hearing of the cause the chancery court rendered a decree foreclosing the mortgage for the full amount of the debt, including advances made after the maturity of the note, but on appeal to this court it was decided that the chancery court erred in including in the decree the amount of advances made after the maturity of the note. The decree was reversed and the cause remanded with directions "to ascertain from this record the amount due for advances to April 30, 1913, render a decree for the same against the estate of I. W. Leggett, deceased, declare the same a lien on the property described in the trust deed, and to foreclose said lien if the said judgment is not paid within a reasonable time to be fixed by the court."

On the filing of the mandate in the chancery court of St. Francis County, that court, after ascertaining from the record the aggregate amount of advances made up to and including April 30, 1913, with interest to date of decree, also the aggregate amount of advances made after that date, with interest, rendered a judgment in favor of Horney against the said estate for the whole

of said debt, but declared a lien for only the amount of advances made up to April 30, 1913, with interest, in accordance with the directions of the mandate. Appellants objected to that part of the decree which covered the amount of advances after April 30, 1913, and they have prosecuted an appeal to this court.

The contention of appellants is that the directions of this court were specific and excluded the power of the court to render any decree except one for the recovery of the amount of advances up to April 30, 1913, with interest, and declaring a lien for that debt. The contention of appellees is that under the pleadings and proof in the case they were entitled to a decree against the estate for the full amount of the advances with interest, notwithstanding the fact that only that part of the debt which was for advances up to the date mentioned was a lien under the mortgage, and that the directions of this court did not forbid the lower court from including the whole debt in the decree, that part which was merely for the recovery from the estate of Leggett as well as that part of which constituted a lien under the deed of trust. We are of the opinion that the contention of appellants is correct, and that the mandate of this court precluded the chancery court from rendering any decree, except the one directed which was for recovery of the amount of advances up to and including the date mentioned, with interest. The mandate placed a precise limit upon the further proceedings of the chancery court in this cause and precluded that court from rendering any decree except the one expressly authorized by this court in its mandate. The mandate had the same force as if it had been rendered by this court itself, and the chancery court had no power to change or extend it. Like any other decree it was conclusive of all of the issues involved in the case. The question now is, what the judgment of this court was on the former appeal, not what it should have been. The case is controlled by the following decisions: *Gaither* v. *Campbell*, 94 Ark. 329; *McClintock* v. *Robert-*

*son,* 98 Ark. 595; *Hopson* v. *Frierson,* 106 Ark. 292; *La-Cotts* v. *LaCotts,* 118 Ark. 558.

The decree of the chancery court is reversed as to that part which relates to the recovery for advances after April 30, 1913, since the remainder of the decree is correct and is not appealed from, it is not necessary to remand the cause.