MILSAP *v.* HOLLAND.

Opinion delivered December 21, 1931.

*W. A. Dickson, H. A. Dinsmore* and *Price Dickson,* for appellants.

*John Mayes,* for appellees.

HART, J., (after stating the facts). The formation of a new school district by consolidating an old district with it is held to be within the sound discretion of the county board of education. Unless it appears from the testimony that its order is arbitrary and unreasonable, it is not proper to vacate it. *Bledsoe* v. *McKeowen,* 181 Ark. 584, 26 S. W. (2d) 900.

While a notice of a petition to dissolve a school district under the statute is jurisdictional, yet it is not necessary that the notice be signed by all of the petitioners. The reason is that the only purpose which a notice serves is to inform interested parties of the nature of the proceeding and the date upon which it would be submitted. Hence it has been held that the petitioners who sign the notice do so for themselves and all other signers. *Rural Special School Dist. No. 21* v. *Common School Dist. No. 87,* 35 S. W. (2d) 587; and *Nathan Special School Dist. No. 4* v. *Bullock Springs Special Sch. Dist. No. 36,* 183 Ark. 706, 38 S. W. (2d) 19.

In the latter case, it was also held that, after the petition had been filed with the county board of education, something more than a mere change of mind is necessary before the petitioners are allowed to withdraw their names from the petition. The court said that, before the filing of a petition, a signer would be privileged to have his name taken from the petition, but that after the petition had been filed this would be done only where the signature had been procured by some improper method, whereby the signer was deceived and a fraud perpetrated upon him.

Tested by these principles of law, we think the circuit court erred in finding for the remonstrants. The undisputed evidence shows that the certified list of qualified electors in Mt. Zion Common School District No. 2 amounted to thirty-six persons. The undisputed evidence also shows that twenty-five of these persons signed the original petition. Proof was introduced in the circuit court tending to show that four of these signers had not authorized their names to be signed to the petition, and had not signed it themselves. Hence this would leave twenty-one persons signing the petition, which would still constitute a majority of the qualified electors in said school district. But it is insisted that at least seven of these persons signed the remonstrance to the petition and testified that they wished their names erased from the original petition. They all testified that the only reason they had signed the remonstrance was because, after more mature investigation, they had concluded that it would not be best to consolidate their district with Farmington Special School District No. 6. None of them testified that they had been induced by fraud or deceit to sign the original petition. The only excuse they gave was that they had perhaps signed it too hastily. The person who carried the original petition to the signers testified that he made no false representations to induce the qualified electors of the district to sign the petition, and that each of them signed of his own free will and accord. The proof does not show that any of the parties asked that their names be taken from the original petition before it was filed. On the other hand, the undisputed proof shows that no such step was taken until after the petition had been filed with the county board of education.

Therefore the circuit court erred in holding that a majority of the qualified electors of said common school district did not sign the petition for consolidation, and erred in adjudging that the petition for consolidation should be dismissed for want of jurisdiction. Inasmuch as the undisputed evidence shows that a majority of the qualified electors of Common School District No. 2 signed

the petition for consolidation, and inasmuch as the case has been fully developed, the judgment will be reversed, and the cause will be remanded with directions to the circuit court to affirm the judgment of the county board of education consolidating the two districts, and to certify its judgment down to the county board of education to the end that it may be entered of record there.