Ellis v. Gann.

Opinion delivered April 18, 1932.

*John R. Duty, W. A. Dickson* and *Price Dickson,* for appellant.

*Earl Blansett* and *John W. Nance,* for appellee.

HUMPHREYS, J. This is an appeal from the circuit court of Benton County dismissing the petition of appellants to the county board of education to consolidate School Districts Nos. 1, 2, 15, 34, 101, 109, 111, 114, 121 129 and 136 into one district under the provisions of act 156 of the Acts of 1927 (page 549).

Appellants contend for a reversal of the judgment of dismissal of their petition upon the alleged ground that the circuit court acquired no jurisdiction of the cause by appeal from the county board of education. A motion was filed in the circuit court to dismiss the appeal for want of jurisdiction, which was overruled over the objection and exception of appellants, and their exception has been preserved in their motion for a new trial.

It is argued that, although act 183 of the Acts of 1925 provides that any one who feels aggrieved by the final order of the board of education may appeal to the circuit court within thirty days from the date thereof by filing an affidavit that the appeal is not taken for delay and by filing an appeal bond, and that, although this was done, yet the circuit court acquired no jurisdiction because it does not appear in the record that the appeal was granted by the board of education. It does appear that the affidavit was directed to the board of education, and that the order granting the appeal was signed by the president of the board. The statute does not provide that each member or a majority of the board members sign an order granting an appeal; so, when signed by the president, it will be presumed that the board granted the appeal, and that the board was in session when the appeal was granted, nothing to the contrary appearing. The

method of appeal is sufficiently set out in the statute and was specifically complied with. The circuit court properly overruled the motion to dismiss the appeal.

Many questions are argued by appellants in support of their contention that the trial court erred in dismissing its petition for a consolidation of the districts which we deem unnecessary to consider, as it was proper to dismiss the petition for the reason, if no other, that the notice required by § 8821 of Crawford & Moses' Digest was not posted thirty days before the petition was filed with the board of education. It has been decided in several recent cases that the posting of the notice for thirty days under said section was a prerequisite to filing the petition with the board. *Texarkana Special School District* v. *Consolidated School District No. 2, ante* p. 213; *Shook* v. *Morrison, ante* p. 522.

No error appearing, the judgment is affirmed.