MILSAP *v.* HOLLAND.

4-2839

Opinion delivered January 20, 1933.

896

*W. A. Dickson* and *Price Dickson,* for appellant.

*Earl Blansett* and *John Mayes,* for appellee.

BUTLER, J. This case was before this court on appeal at its November term, 1931. The opinion on the judgment then rendered appears in 184 Ark., at page 996, 44 S. W. (2d) 662. The mandate reversing the judgment of the trial court with directions was filed in the lower court, but, not being entered of record, it was refiled with a motion requesting the court to enter of record the said mandate and to affirm the judgment of the county board of education consolidating the two districts in accordance with the judgment of this court. A reply to that motion was filed by W. N. Holland and others, and upon a hearing of the matter the circuit court ordered the mandate of this court stricken from the files, and that the cause be dismissed for want of jurisdiction of said Supreme Court, the circuit court and the county board of education. From that order and judgment this appeal is prosecuted.

It is the contention of the appellees, and the conclusions reached by the trial court, that the issue presented by the appellees in the instant case was not adjudicated before the circuit court or this court on appeal, and, as it now appears that the notice was not in fact legally given within the rule announced in *Texarkana Special School Dist.* v. *Consolidated School Dist. No. 2,* 185 Ark. 213, 46 S. W. (2d) 631; *Shook* v. *Morrison, Ib.* 522, 47 S. W. (2d) 1089, and *Ellis* v. *Gann, Ib.* 625, 48 S. W. (2d) 1103, the order of the county board of education was void, and neither the circuit court nor this court acquired any jurisdiction on appeal; that for that reason the judgment of this court reversing and remanding that of the circuit court was, and is, void, and that the circuit court therefore was justified in making

the order last appealed from and its action should here be sustained.

A number of cases from this court and other jurisdictions are cited by the appellees as tending to sustain their contention, but which we find it unnecessary to review, as we are of the opinion that the appellees are in error in their contention, *i.e.,* that the question of jurisdiction was not before the court on appeal to the circuit court from the order of the county board of education consolidating the districts or in this court on appeal from the judgment of the circuit court. The facts out of which this litigation arose are fully stated in *Milsap* v. *Holland,* 184 Ark. 996, 44 S. W. (2d) 662, and from the opinion it will be seen that on appeal to the circuit court that court found the facts and law in favor of the remonstrants and adjudged that the petition for consolidation be dismissed for want of jurisdiction. The opinion in *Milsap* v. *Holland, supra,* shows that the county board of education, among other things, found that due notice had been given as required by statute, and in the statement of the case it was said: ''Notice of the proposed consolidation was duly given as required by statute and was introduced in evidence.''

The judgment of the court appealed from and the opinion of this court on that appeal are sufficient to disclose that the issue as to the jurisdiction of the court was considered and the judgment of this court and its mandate based thereon are binding upon the trial court, and this court as well, even though our decision may have been based upon an erroneous view of the law. It is a rule of universal application early recognized by this court, that whatever is before the Supreme Court and disposed of in its appellate jurisdiction is to be considered as settled, and the lower court must carry its judgment into execution according to the mandate. This remains true even where an error is apparent and where a case has been remanded to the trial court and is again brought before the Supreme Court nothing is before the court for adjudication but the proceedings subsequent

to the mandate. It will be observed that the term of this court at which the case of *Milsap* v. *Holland, supra,* was decided has long since expired, and we have no power to review or reform the judgment and opinion which irrevocably concludes the rights of the parties thereby adjudicated.

In *Miller Lumber Co.* v. *Floyd,* 169 Ark. 473, 275 S. W. 741, the case was here on second appeal, and, in referring to the decision on the first appeal, we said: "Whether this decision was right or wrong, it is a law of the case; it is *res judicata.* The rule has been long established in this State and uniformly adhered to that in the same cause this court will not reverse nor revise its former decisions." Numerous decisions of this court are cited to sustain the rule announced, and the reason is thus stated: "This general rule is grounded on public policy, experience, and reason. If all questions that have been determined by this court are to be regarded as still open for discussion and revision in the same cause, there would be no end of their litigation until the financial ability of the parties and ingenuity of their counsel had been exhausted. A rule that has been so long established and acted upon and that is so important to the practical administration of justice in the courts should be followed and not departed from."

In that case the issue was the constitutionality of the severence tax act. Referring to the first appeal in the case, the court said: "The act was held to be constitutional on the ground that it was an occupation tax, and no testimony or raising of additional issues as to the construction of the act or its applicability to appellants can prevent our former decision and judgment from being the law of the case."

On the hearing of the motion granted by the court below and from which comes the appeal we are now considering, no additional testimony was heard, but the motion was considered on the record made in the case decided in *Milsap* v. *Holland, supra.* Therefore all the questions expressly or necessarily involved in the former

appeal must be deemed to have been considered and must be regarded as the law of this case. It follows from what we have said that the action of the circuit court in refusing to obey the mandate of this court must be reversed and the cause remanded with directions to enter judgment in accordance with the said mandate.