■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID T. SCHNEBLEY, Appellant.— Judgment unanimously modified by reversing that part which convicts defendant of the crime of grand larceny, first degree, and as to that conviction new trial granted, and as so modified judgment affirmed. Memorandum: There was undisputed testimony of an expert to the effect that the value of the property stolen was in excess of $500. However, the attorney for the defendant requested the court to charge grand larceny, second, and petit larceny. This request was refused, and the effect thereof was to take the question of value from the jury. This constituted reversible error. The jury could have

disbelieved the testimony as to value and found that the stolen articles were worth less than the expert testified. This is particularly so inasmuch as the expert testified that the items as to which he testified had been valued by him for the purpose of the owners' preparing a claim against their insurance company. We said in *People* v. *Askew* (19 A D 2d 130, 132): "There can be no doubt that the lesser crime of larceny should have been charged. The applicable principle is whether 'there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one'. (*People* v. *Mussenden*, 308 N. Y. 558, 563.)" "The power of a jury in a criminal case to reject, though unreasonably, evidence which is uncontradicted and unimpeached, and to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence, cannot be challenged in an appellate court." (*People* v. *Rytel*, 284 N. Y. 242, 245; see, also, *People* v. *Seiler*, 246 N. Y. 262, 267; *People* v. *Walker*, 198 N. Y. 329, 334.) When, as here, a judgment in a criminal case is correct as to one count and incorrect as to another, we have the power to sever the judgment, affirm the count on which defendant was properly convicted, and reverse and grant a new trial as to the other. (Cf. *People ex rel. Maurer* v. *Jackson*, 2 N Y 2d 259; *People* v. *Daghita*, 301 N. Y. 223, 228; *People* v. *Moore*, 18 A D 2d 417, affd. 13 N Y 2d 1070; *People* v. *Von Cseh*, 9 A D 2d 660, affd. 8 N Y 2d 993, mot. to amend remittitur granted 8 N Y 2d 1058, cert. den. 365 U. S. 817; *People* v. *Torres*, 5 A D 2d 134, affd. 5 N Y 2d 804.) (Appeal from judgment of Erie County Court convicting defendant of burglary, third degree, and grand larceny, first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.