

Cite as 2015 Ark. 109

# SUPREME COURT OF ARKANSAS

No. CR-14-1091

| | |
|---|---|
| JUSTIN THORNTON      PETITIONER | **Opinion Delivered** March 12, 2015 |
| V. | PRO SE PETITION FOR WRIT OF MANDAMUS [LINCOLN COUNTY CIRCUIT COURT, NO. 40CR-11-47] |
| HON. BERLIN C. JONES, CIRCUIT JUDGE      RESPONDENT | |
| | PETITION DENIED. |

## PER CURIAM

In 2013, petitioner Justin Thornton was convicted of capital murder, misdemeanor unauthorized use of a vehicle, possession of firearms by certain persons, and abuse of a corpse. The judgment imposed sentences of life imprisonment without parole on the murder charge, twelve months' imprisonment for the charge of misdemeanor unauthorized use of a vehicle, 240 months' imprisonment on the firearms charge, and 240 months' imprisonment on the charge of abuse of a corpse, with 120 months' enhancement on the life sentence. The abuse-of-a-corpse sentence was designated to run consecutively to the murder and firearm sentences. On appeal, petitioner only challenged the sufficiency of the evidence for the capital-murder charge, and this court reversed and dismissed. *Thornton v. State*, 2014 Ark. 157, 433 S.W.3d 216.

Petitioner has now filed in this court a petition for writ of mandamus in which he seeks to have this court direct the circuit judge, the Honorable Berlin C. Jones, to enter a new or amended judgment reflecting the dismissal of the capital-murder charge by this court. In his response to the petition, Judge Jones asserts that he did not fail to do an act that he was ordered

SLIP OPINION

to do and, interpreting petitioner's request for relief as a request for correction of the records of the Arkansas Department of Correction ("ADC"), that he is not the party responsible for correcting those records.

The primary function of the writ of mandamus is to require an inferior court or tribunal to act when it has improperly failed or declined to do so, and the writ is not applied to control the discretion of a trial court or tribunal or to correct an erroneous exercise of discretion. *Friar v. Erwin*, 2014 Ark. 487, 450 S.W.3d 666 (citing *State ex rel. Purcell v. Nelson*, 246 Ark. 210, 438 S.W.2d 33 (1969)). The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Cuatepotzo v. Hobbs*, 2014 Ark. 489 (per curiam). A writ of mandamus is issued by this court only to compel an official or a judge to take some action, and when requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Id.* In this case, petitioner has not shown a clear and certain right to the relief he has requested.

As the respondent points out, our decision reversed and dismissed petitioner's conviction for capital murder; there was no remand requiring any action by the trial court. Because the trial court was not directed to enter an amended judgment, petitioner has not established that Judge Jones was obligated to enter an amended judgment or that he has failed to perform a duty imposed by this court.

As for any obligation regarding notice to the ADC of this court's mandate, petitioner did not request relief concerning such notice. The petition seeking the writ does not reference the ADC or petitioner's prison-sentence records. The only relief requested in the petition was the

entry of a new or amended judgment. In any event, the State indicates in its response to the petition that the Attorney General's office has provided a certified copy of the court's mandate to the ADC's records department and that the ADC has modified its records to reflect the reversal of the capital murder conviction. Thus, as already noted, petitioner failed to establish that he had a right to the only relief sought.

Petition denied.

*Justin Thornton*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for respondent.