BAKER AND GOODSON, JJ., DISSENT. Subsequent to the majority’s disposition in Thornton I, Thornton filed a writ of mandamus in which Thornton sought to have this court direct the circuit court judge to enter an amended order reflecting the dismissal, of the capital-murder charge by this court in Thornton I. . We denied the writ, and held, [O]ur decision reversed and dismissed petitioner’s conviction for capital murder; there was no remand requiring any action by the trial court. Because the trial court was not directed to enter an amended judgment, petitioner has not established that Judge Jones was obligated to enter an amended judgment or that he has failed to perform a duty imposed by this court. Thornton v. Jones, 2015 Ark. 109, at 2, 2015 WL 1198668. After, the majority’s mandate in Thornton I was issued, the State returned to the circuit court and filed a “Motion for Court to Consider Lesser-Included Offenses.” In other words, despite this court’s reversal and dismissal, the matter was again taken up by the circuit court. Thornton was convicted of first degree murder, and returns yet again to this court on appeal. The majority states that Thornton’s capital murder charge was dismissed. This statement is flawed for two reasons. First, the majority’s mandate in Thornton I did not state that the capital-murder conviction was dismissed. Instead, the majority’s mandate stated that the conviction was reversed and dismissed. Second, the majority here, as the majority did in Thornton I, again fails to address the remaining charges and simply glosses over the fact that the majority’s mandate in Thornton I reversed and dismissed Thornton’s conviction. Further,' the majority states in footnote 3 that “[t]he circuit court noted that | aThornton’s remaining convictions and sentence were not affected by this court’s reversal and dismissal in Thornton, 2014 Ark. 157, 433 S.W.3d 216.” Thus, the majority states, “the amended sentencing order ... reflected that Thornton was sentenced to an aggregate total of seventy years’ imprisonment: concurrent terms of forty years’ imprisonment for first-degree murder, twenty years’ imprisonment for felon in possession of a firearm, and one year in the county jail for unauthorized use of a vehicle; a consecutive term of twenty years’ imprisonment for abuse of a corpse; and a consecutive terms of ten years’ imprisonment for the firearm enhancement.” The majority concludes 'with the statement that, “i[n] the instant appeal, Thornton only challenges his conviction and sentence for first-degree murder.” The majority appears to be implying from this statement that the convictions that are unchallenged remain. However, the statement was made in a case that the majority now holds the court lacked jurisdiction to hear and the statement of the circuit court’s opinion and the amended sentencing order are insignificant. The imperative language that the majority fails to identify is that, despite the majority opinion or the circuit court’s position, the majority’s mandate in Thornton I unequivocally reversed and dismissed Thornton’s conviction. The majority in Thornton I did not sever the convictions, on the charges'other than capital murder, as we have done in other cases. In Martin v. State, 290 Ark. 293, 297, 718 S.W.2d 938, 940 (1986), we addressed the issue of the mandate in a case with multiple convictions and explained, The remaining question is, “What mandate should be issued?” The offenses charged, first degree murder and first degree battery, are separate and distinct offenses, defined by separate and distinct statutes, and each charge required separate and distinct evidence Tor conviction. When a judgment in a criminal ease is correct as to one count, but erroneous as to another, as in this case, we have the power to sever - the judgment, affirm the count oft Which the appellant was properly convicted, and reverse hoand grant a new trial as to the other. Such a procedure is used by the Eighth Circuit Court of Appeals, United States v. Greene, 591 F.2d 471 (8th Cir. 1979), by our Court of Appeals, Gross v. State, 8 Ark. App. 241, 650 S.W.2d 603 (1983), and by other states, see, e.g., People v. Schnebley, 27 A.D.2d 639, 275 N.Y.S.2d 763 (1966). See also Nard v. State, 304 Ark. 159, 161, 801 S.W.2d 634, 636 (1990); Parker v. State, 292 Ark. 421, 436-37, 731 S.W.2d 756, 764 (1987); Callahan v. State, No. CACR 92-1494, 1993 WL 540142, at *1 (Ark. Ct. App. Dec. 15, 1993). Here, because the majority failed to sever the convictions, the majority’s mandate in Thornton I, is clear — Thornton’s entire conviction was reversed and dismissed, including the possession of a firearm, abuse of a corpse, and the unauthorized usé of a vehicle. If the majority in Thornton I had intended to only reversé and dismiss Thornton’s capital-murder conviction, they could have severed • the charges and affirmed all of the convictions. They might also have clarified their decision when the State petitioned for rehearing and specifically asked that-they do so. The majority could have also done any of the following: reversed and remanded the case for further proceedings; severed the convictions, and affirmed in part and reversed and remanded in part; entered a judgment on the remaining offenses'based on the evidence; or severed the convictions and reversed and dismissed the capital-murder conviction allowing the State to attempt to avoid double-jeopardy violations and refile a first-degree murder charge, or other homicide offense. However, that is not what the majority did. The majority reversed and dismissed Thornton’s conviction.[2] ^^Accordingly, in Thornton I, the majority’s mandate unambiguously reversed and dismissed Thornton’s conviction. Stated differently, the majority reversed and dismissed Thornton’s entire judgment and conviction, cannot modify that mandate, and Thornton no longer has a conviction against him. See Milsap v. Holland, 186 Ark. 895, 56 S.W.2d 578 (1933); Stroud v. Crow, 209 Ark. 820, 823, 192 S.W.2d 548, 549 (1946) (the supreme court cannot amend its opinion after lapse of the term in which it was handed down.)[3] Therefore, Thorntqn’s return to this court today and the majority’s reversal and dismissal of his appeal today is nonsensical because his entire case was dismissed by the mandate issued in Thornton I.[4] ■ After the majority’s mandate in Thornton> I ■ was issued, the state’s only option was to refile all charges they , sought to bring' against Thornton.- That the state was aware of the effect |]2of the mandate in Thornton I is clear from their petition for rehearing asking-this court to clarify that Thornton’s convictions? other than his capital murder conviction still stood. The state’s petition was denied. At that point, the- state’s only, option was to once again file charges against Thornton for all offenses. No- doubt the state’s concerns about double-jeopardy impacted on the decision to return to the circuit court and- file their petition to consider lesser offenses; however, it was abundantly clear after this court’s per ’curiam opinion-denying Thornton’s petition for mandamus that the trial court had no jurisdiction to consider such a petition. Thornton v. Jones, 2015 Ark. 109, 1, 2015 WL 1198668. Finally, the majority here does not address these issues or the existing precedent diseussed above. Additionally, the majority fails to recognize that criminal laws are to be strictly construed in favor of the accused. See Lewis v. State, 220 Ark. 259, 247 S.W.2d 195 (1952); Dowell v. State, 283 Ark. 161, 162, 671 S.W.2d 740, 741 (1984). Thus, I respectfully dissent. Hart, J., joins. . This position is supported by the St^te in its brief wherein it recognizes that "[T]he Court reviews judgments, not individual convictions ta judgments, see e.g., Arkansas Rule of Appellate Procedure — Criminal 2 (2014).” . See also Ginn v. Penobscot Co., 342 A.2d 270, 274 (Me. 1975) (“Absent a statutory or rule provision to the contrary, the general rule is that, after an appellate court has determined the issues involved in the case submitted to it and caused its judgment in conformi- ' ty with such determination to be entered and the case, together with the rescript of decision, to be remanded to the lower court, the appellate court thereafter has no power to reconsider, alter, or modify its decision. An appellate court, generally speaking, is without power to recall a mandate regularly, issued for the purpose of correcting judicial error. See, 5B C.J.S. Appeal and Error s 1996; 5 Am. Jur, 2d s 1008.’’); 5 G.J.S. Appeal and Error § 1175 ("The rule most generally adhered' to is that an appellate court is without power to recall a mandate regularly issued without mistake, inadvertence, fraud, prematurity, or misapprehension, and that it will not recall the mandate for the purpose of re-examining the cause on the merits, or to correct judicial error. Likewise, a mandate may not be recalled for the purpose of granting supplemental relief.”). . It is also unclear if the majority today is reversing and dismissing Thornton’s first-degree murder conviction or simply dismissing the appeal because the majority holds: “We reverse and dismissC,]" "REVERSED AND DISMISSED” and “Accordingly, we reverse and dismiss.”