BAKER v. STATE, USE OF INDEPENDENCE COUNTY.

4-6149

147 S. W. 2d 17

Opinion delivered January 13, 1941.

*S. M. Casey* and *R. W. Tucker,* for appellant.

*Preston Grace* and *J. J. McCaleb,* for appellee.

SMITH, J. This is the second appeal in this case. The opinion on the former appeal (*State, use Independence County* v. *Baker,* 197 Ark. 1075, 126 S. W. 2d 937) states the facts out of which the litigation arose. It is a suit to falsify and surcharge the accounts of Baker as county clerk of Independence county, and questioned various orders and judgments of the county court of that county allowing fees to Baker for official services. To the extent that the questions there involved were decided, the former opinion has become the law of the case, and is binding now. Certain questions were reserved for decision on the remand of the cause, and these we may and do consider.

The first of these is referred to in the former opinion as item No. 1, and involves a claim allowed by the county court in the sum of $253.90 for canceling and redeeming county warrants, at 10 cents each. The record then before us did not show that this service had been performed, and we said it should be disallowed for that reason. It was said also that the fee claimed was not authorized by law even though the service had been performed. Upon the remand of the case it was submitted upon the testimony previously taken and appearing in the record on the first appeal, together with certain additional testimony. A master was appointed to review this testimony, and to determine the correct fees due Baker

under the law as announced in the former opinion. The master made a report upon these issues, which was approved by the court in its entirety, all exceptions thereto being overruled.

The master construed our former opinion as disallowing this item in any amount; but in that we think he was in error. From the testimony then before him the master found that the service charged for had been performed; and while we held that the clerk was not entitled to charge a fee of 10 cents for each warrant canceled and redeemed even though the service had been performed, it does not follow that the clerk was not entitled to charge any fee at all. Section 2440, Pope's Digest, requires the county treasurer to file with the county clerk "all the warrants redeemed by him during the preceding year," and § 2556, Pope's Digest, makes it the duty of the county clerk to enter, in a record provided for that purpose, "the amount, number and date of all redeemed warrants or other evidences of indebtedness that may have been canceled, so as to show at all times the full amount of the indebtedness of the county."

This is a service which the law requires the county clerk to perform, and which was performed by Baker. He is, therefore, entitled to the fee allowed by law for this service. The former opinion points out that act 157 of the Acts of 1933, p. 479, fixes the fees of county clerks for services he is required to perform where no other fee is specifically provided. This provision appears in the part of act 157 fixing the fees of county clerks, and is the 41st item in this fee-bill, and reads as follows: "For recording every paper not heretofore provided for, for every one hundred words, $ .10." The number of words contained in the record made by the clerk not appearing, it must be presumed that the amount allowed by the county court is correct, and the decree from which is this appeal will be modified by allowing this item of $253.90.

The effect of the former opinion was to hold that the various orders of allowance had been fraudulently obtained as the result of collusion between the county clerk

and the county judge, and that finding is the law of this case.

There is no presumption of fraud in the procurement of the allowances because of any intimacy between the county clerk and the county judge, and the former opinion will not be so construed. In holding there was fraud in the instant case we cited and relied upon the opinion in the case of *Johnson County* v. *Bost,* 139 Ark. 35, 213 S. W. 388, in which case it was shown that for a long period of time the circuit court clerk had systematically padded his accounts. It was thought that the holding in that case was applicable to the record in the instant case. But the former opinion was not intended to overrule the Bost case, or to enlarge upon it. Our intention was only to apply the law which the Bost case announced.

In this Bost case Judge McCulloch stated: "Undoubtedly the rule established by this court with respect to setting aside judgments of courts for fraud means fraud in the procurement of the judgment, and not merely fraud in the original cause of action."

But as the effect of the former opinion was to hold that there was fraud in procuring the judgments of the county court in the allowance of the fees claimed, these judgments are subject to review, and upon review the clerk may be allowed only those fees which the county court should have allowed in the first instance.

In passing upon the other items in controversy, the master, under the direction of the court below, appears to have passed upon them in accordance with the former opinion, and as his findings upon the questions of fact involved cannot be said to be contrary to the preponderance of the evidence, they are affirmed.

A cross-appeal has been prosecuted from the failure and refusal of the court below to allow the clerk credit for certain other items in the original cross-complaint filed by him.

In the former opinion we said: "The cross-complaint was dismissed. No appeal was taken from the

action of the court in dismissing the cross-complaint, and that order has become final.''

This holding would appear to dispose of the credits claimed in the cross-complaint; but appellant insists that this is not true, for the reason that the cross-complaint was ''dismissed without prejudice.'' This action was taken by the court, and not by the cross-complainant, so that he did not take a nonsuit. The statute (§ 1485, Pope's Digest) provides that an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court; and when he does so, he may, at any time within one year, file another suit. Section 8947, Pope's Digest.

Here, the cross-complainant does not appear to have taken a voluntary nonsuit, but the cause of action was dismissed by the court, and this was done after the cause had been finally submitted to the court on its merits.

The original complaint was not dismissed, and it was appellant's duty to interpose any defense thereto which he cared to make, the statute (§ 1416, Pope's Digest) providing: ''Fourth: In addition to the general denial above provided for, the defendant must set out in his answer as many grounds of defense, counter-claim or set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered. The several defenses must refer to the cause of action which they are intended to answer in a manner by which they may be intelligibly distinguished.''

We think, therefore, that if appellant felt aggrieved at the order of the court in dismissing his cross-complaint, he should have prosecuted an appeal, or should have prayed a cross-appeal; but he did neither.

There was an appeal by which the plaintiff sought to secure the relief originally prayed; and this appeal, which was duly perfected, brought before us for review the question whether Baker was indebted to the county, and, if so, in what amount. But, as was said in the former opinion, ''No appeal was taken from the action of

the court in dismissing the cross-complaint, and that order has become final.''

It follows, therefore, that, except as to item No. 1, the decree must be affirmed; but it will be reduced to the extent of that item. It is so ordered.