ORR *v.* BERGEMANN.

5-783                                    284 S. W. 2d 105

Opinion delivered November 28, 1955.

·    *James R. Hale,* for appellant.

GEORGE ROSE SMITH, J.   This was originally a suit by Kelley Brothers Lumber Company to foreclose a materialman's lien upon the house and lot in dispute.   There being no question as to the validity of that lien, the real controversy is between the appellant Orr and the appellees Harold and Anita Bergemann.   Orr seeks to enforce an oral contract with both the Bergemanns and a written contract with Harold Bergemann only.   The chancellor awarded Orr a money judgment upon the written contract but refused to grant any relief upon the oral agreement.   Orr contends that he is entitled to specific performance of the parol contract.

In 1951 Orr, having retired from newspaper work in Kansas City, came with his wife to Arkansas in search of a place to live.   Harold Bergemann, who is a son of Mrs. Orr by a prior marriage, was then living with his wife Anita near Fayetteville in a home owned by Mrs. Bergemann.   The Orrs visited the Bergemanns, and it

was agreed between the two couples that the Orrs would build a house next door to the Bergemanns on another part of Mrs. Bergemann's land, that the Orrs would receive a life estate in this property, and that upon the death of Mr. and Mrs. Orr the house and lot would revert to Mrs. Bergemann.

Pursuant to this oral agreement Orr constructed a modern four-room house on Anita's land. The Orrs, however, were unable to obtain from her the promised conveyance of a life estate; Mrs. Bergemann kept putting the matter off and finally resisted Orr's present plea for specific performance. When the house was completed Orr still owed $663.95 to Kelley Brothers for materials used in the construction.

In April, 1953, Mrs. Orr became so seriously ill that her husband thought it best to take her back to Kansas City for treatment. Before he left Orr made a written contract with Harold Bergemann by which Bergemann agreed to pay Orr $2,500, at the rate of $25 a month, for the labor and materials furnished by Orr in the construction of the house. Orr testified that Bergemann also agreed to pay the Kelley Brothers claim in monthly installments of $25. This testimony is undenied; Harold did not take the witness stand at the trial.

After the Orrs' departure the Bergemanns moved into the new house and were still occupying it when the case was tried. Mrs. Orr died in December, 1953; this litigation was begun by Kelley Brothers the following July. It is shown without dispute that Harold Bergemann has paid nothing upon his debt to Orr, that nothing has been paid by anyone upon the Kelley Brothers claim, and that Anita Bergemann refuses either to execute a deed to Orr or to permit him to remove the house from her land. The chancellor's decree granted foreclosure of the materialman's lien, reformed Orr's contract with Harold by inserting an acceleration clause that had been omitted by mistake, and awarded Orr a judgment against Harold for $2,500. Orr's cross-complaint for specific performance of the oral agreement was dismissed for want of equity.

Upon trial *de novo* it is clear enough that the Orrs had a cause of action against Mrs. Bergemann for specific performance of the oral contract. The statute of frauds does not supply a defense, for the promisees' possession and improvements took the agreement out of the statute. *Dillard* v. *Kelley*, 205 Ark. 848, 171 S. W. 2d 53.

It is equally clear that this cause of action was not extinguished by, or merged into, Orr's written contract with Harold. Since the duty of specific performance rested only on Anita, who was the sole owner of the land, it would be necessary to find a novation in order to hold that Anita's promise had been superseded by her husband's subsequent obligation. It is essential to a novation, however, that there be a mutual agreement by which the new obligor is substituted for the old. *Riddick* v. *White*, 194 Ark. 1010, 110 S. W. 2d 9. Here Anita refused to join in the contract between her husband and Orr, and without her joinder it is evident that a novation was not intended. This is so because Orr's agreement with Harold necessarily recognized that Orr had an interest in the property, which Orr undertook to sell for $2,500. Since Orr's interest could only have been his cause of action against Anita for specific performance, the written contract was manifestly an affirmation of Anita's obligation rather than a discharge thereof.

With respect to the account of Kelley Brothers, the preponderance of the evidence shows that primary liability for the debt has been assumed by the Bergemanns. Harold Bergemann, in purchasing Orr's interest for $2,500—a sum substantially smaller than Orr's investment in the house—agreed to pay the Kelley Brothers claim. There is convincing proof that Anita Bergemann also assumed this obligation after Orr went to Kansas City. An officer of the lumber company states positively that Mrs. Bergemann came to the company's office and assumed the debt, explaining that as a result of family difficulties the Bergemanns had taken over the property. According to this witness Mrs. Bergemann applied for a federal loan to pay the account. Mrs. Bergemann's testimony is so contradictory within itself that it fails to over-

come the adverse proof. Indeed, when it is observed (a) that Harold had already obligated himself to pay the account, (b) that the claim was a lien against the title that Anita was asserting, and (c) that the Bergemanns had moved into the house and were still occupying it rent-free when the case was tried some eighteen months later, there are good reasons for believing that the Bergemanns voluntarily accepted primary responsibility for the debt.

To summarize: The lumber company is entitled to judgment against Orr and the Bergemanns and to a first lien against the property. Orr is entitled to have a life estate vested in him by the decree (Ark. Stats. 1947, § 29-126), to have judgment against Harold Bergemann for the unpaid purchase price due under their contract, and to an equitable lien upon the life estate to secure the payment of his judgment against Harold. In foreclosing the liens the court should marshal the assets by making Mrs. Bergemann's reversion primarily liable for the materialman's lien. The proportionate value of the life estate and the reversion may be readily determined by offering those interests for sale separately, although the property should also be offered in gross so that the better bid may be accepted. The proceeds from the sale of the reversion will stand primarily liable for the lumber company's judgment, with any surplus going to Mrs. Bergemann; the proceeds from the sale of the life estate, to the extent that they are not needed to complete payment of the Kelley Brothers judgment, will be applied in satisfaction of Orr's judgment against Harold Bergemann, with any surplus going to Bergemann.

Reversed and remanded for further proceedings.