COLLIE *v.* COLEMAN.

5-1016 · 292 S. W. 2d 80

Opinion delivered July 2, 1956.

*Ed B. Cook,* for appellant.

*Bruce Ivy,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is the third appeal of this case. Appellants, as non-member

tenants and sharecroppers, sued a cooperative gin company and the landlord who was its principal stockholder for recovery of patronage dividends or refunds of appellants' alleged share of profits realized from cotton ginnings under Act 153 of 1939 (Ark. Stats. Sec. 77-1001 to 77-1025).

On the first appeal, we reversed a decree denying recovery to appellants as against Appellee Charles R. Coleman, the landlord and principal stockholder, and the cause was remanded with directions to make findings against him, "in accordance with the facts disclosed in the record, and for any other necessary proceedings not inconsistent with this opinion." *Collie* v. *Coleman*, 223 Ark. 206, 265 S. W. 2d 515.

On remand, a master was appointed whose report was only partially adopted in a decree which held that the gin company's stock instead of its cash par value should be surrendered and reissued to appellants and which rejected that part of the master's report which found that appellants were entitled to all refunds in cash after deduction of set-offs due Appellee Coleman. However, the decree found that appellants were entitled to recover their proportionate part of cash dividends paid to appellee and the gin company with interest at six per cent from date until paid.

In the opinion on the second appeal, the majority said: "We have concluded that the findings of the Chancellor and the decree that followed are with one exception in full compliance with our directive and not against the preponderance of the testimony. The one exception is this: the Trial Court held that twelve of the tenants could not recover their refunds from the period of October 27, 1947 to September 27, 1948. We hold that these twelve tenants were entitled to recover their refunds beginning October 27, 1947. Our first opinion fixed that as the date. The motion filed on September 27, 1951 related back to the date that the first complaint was filed, which was October 27, 1950. The motion went to a matter of form and not of substance. Thus on remand the

Chancery Court will allow these twelve tenants their rights beginning October 27, 1947." *Collie* v. *Coleman*, 225 Ark. 254, 281 S. W. 2d 955. The instant appeal is from a decree entered March 16, 1956, upon this court's mandate on the second appeal and in which the Chancellor fixed each appellant's share of cash refunds with interest together with the amount of stock to be received by each.

Appellants contend the Chancellor erred in overruling their motion to take additional proof upon remand of the case on the second appeal, but it is clear from the opinion rendered therein that the court was to make findings on the record already made and that he correctly refused to open up the case again for further proof.

It is also argued that the court erred in refusing to render judgment in appellants' favor for six per cent dividends allegedly paid to appellee annually since the years 1948, 1949 and 1950, together with six per cent interest thereon. As previously indicated, the court did allow appellants their proportionate part of the cash dividends with six per cent interest from due date, together with the amount of stock each was to receive under the proof already made, but did not allow interest on appellants' proportionate share of stock issued. Insofar as the record discloses, this decree was in accordance with, and not contrary to, this court's mandate on the second appeal. Appellants also argue, and appellee concedes, that they are entitled to costs on the second appeal in the amount of $61.50 and the trial court will, of course, require compliance with this part of the former decree.

Appellants' principal contentions relate to matters that were finally determined adversely to them on the second appeal which became the law of the case.

On the record presented, we find no prejudicial error and the decree is affirmed.

Justice GEORGE ROSE SMITH disqualified and not participating.