ANDERSON *v.* McCLANAHAN.

5-1578                                                   314 S. W. 2d 222

Opinion delivered June 16, 1958.

*Reives & Smith,* for appellant.

*Hale & Fogleman,* for appellee.

PAUL WARD, Associate Justice. This appeal comes as an aftermath of a recent decision by this court, involving these same parties, rendered March 11, 1957; *Weeks, et. al.* v. *McClanahan,* 227 Ark. 495, 300 S. W. 2d 6. To understand the issue on this appeal it is necessary to set out briefly pertinent portions of the former decision. The parties involved were: Anderson, landowner; McClanahan, lessee, and; Weeks, a subtenant under McClanahan. The trial court in the first case rendered a decision in favor of McClanahan against Anderson (and also Alton Weeks) for double the rental value of 412 acres of land (at $18 per acre) on the theory

that Anderson (the owner of the land) conspired with Weeks (who had subrented from lessee McClanahan for the year 1951) to keep McClanahan from getting possession of the 412 acres for the year 1952, in violation of Ark. Stats. § 50-509. This court, on appeal, held that the trial court erred in assessing double damages against Anderson instead of single damages, and remanded the cause to the trial court with instructions to correct that error.

Upon remand the trial court followed this court's instructions and rendered judgment against Anderson for single damages in favor of McClanahan.

Anderson, appellant here, argues that the trial court should have reduced the judgment against him by the amount of rent which McClanahan was obligated to pay Anderson for the land. It is not disputed that McClanahan was to pay Anderson $11 per acre for the 412 acres of land for the year 1952.

On this appeal Anderson says: "The sole question is: Did the Circuit Court err in fixing the damages of appellee as to Anderson . . . at one year's rent based on a value of $18 per acre, instead of rendering judgment only for the difference between the rent reserved and the rental value?" It is of course the contention of appellant that the trial court did so err, and it is the contention of appellee that the question raised by appellant was settled by the first decision rendered by this court. We find ourselves in agreement with appellee's position for the reasons set out below.

On March 14, 1957, (6 days after the delivery of our first opinion), Anderson filed a Motion in this court to clarify the opinion and judgment. In that Motion Anderson raised precisely the same question which he raises here. He there stated: "That the term 'single damages' should be defined as meaning those damages determined by application of the usual and ordinary rule of measurement, that is, the difference between the rent reserved and the rental value of the premises." A response was filed by McClanahan resisting Anderson's

motion to so clarify in which it was suggested that the "ordinary rule" relied on by Anderson did not apply when damages are assessed under Ark. Stats. § 50-509, and also that under our original opinion Anderson had already been given credit for the rental value of his land. The motion filed by Anderson was denied by this court.

We do not, at this time, attempt to revaluate the validity of the conflicting contentions presented by both parties presented on the said motion, but we do hold that our former opinion, together with our denial of the motion, constitutes the law of the case, and therefore settles the issue here against the contention of appellant.

Affirmed.