ROBERT ARNETT ET UX *v.* NANCY LILLARD

5-5122                                              448 S. W. 2d 626

Opinion delivered January 12, 1970

*Roscopf, Raff & Asher*, for appellants.

*David Solomon*, for appellee.

LYLE BROWN, Justice. This second appeal stems from the entry of the chancellor's order on our mandate issued out of the first appeal, *Arnett* v. *Lillard,* 245 Ark. 939, 436 S. W. 2d 106 (1969). The trial court took the position that Nancy Lillard, appellee, should be permitted to prepay the mortgage debt owed the United States and thereby terminate any interest in the land held by Robert Arnett and wife. The chancellor's order on the mandate contained that provision and the Arnetts appeal.

Nancy Lillard executed a warranty deed to her farm to her son-in-law and daughter, Robert and Beatrice Arnett. The Arnetts mortgaged the lands to the United

States to pay off an indebtedness owed by Mrs. Lillard and secured by the lands. We reformed the deed to reflect the true agreement between the parties. In the first opinion we said that the evidence clearly showed an agreement that appellants were to take over the farm and operate it until the debt was paid; during the period of operation it was anticipated that the operators would make and retain the profits; appellee would continue to live on the farm; and after payment of the debt to the United States the land "would be reconveyed to appellee or her heirs and assigns." The opinion then proceeded to detail the status and tenure of the trust:

> We feel that the appropriate equitable remedy here is reformation of the deed to reflect the agreement of the parties, i. e.; to vest title in appellants as trustees of an express trust to cultivate the lands, or cause them to be cultivated, and collect the rents, income, and profits therefrom, paying therefrom all taxes, insurance premiums on improvements, and costs of repairs and maintenance and the annual installments of the mortgage debt, and retaining any excess for their own use and benefit, and to maintain the dwelling house occupied by appellee as a home for her as long as she lives. The title to the property shall vest in her heirs and assigns as soon as the mortgage indebtedness is retired.

Appellants contend that our opinion precludes appellee from prepaying the mortgage and cancelling the trust. In other words appellants assert that the effect of our decision was to establish a forty-year trust, the normal life of the payments. We do not agree. Unfortunately the question of prepayment was not mentioned in the previous trial or in the briefs. In fact the tenor of evidence there would lead any reasonable person to believe that prepayment was at least not soon anticipated. Otherwise, we could and would have treated the subject in detail. On the other hand, the opinion does not fix a specific date of expiration of the trust, rather it pro-

vides that it would be terminated when the debt was paid. The indebtedness constituted a lien upon lands to which appellee held legal title and it would hardly be logical to say that she intended to establish a trust that would deprive her of any possibility of redemption until she attained the age of 110.

We agree with the chancellor that the trust may be terminated as of the date appellee pays the government mortgage. However, appellants should be afforded the opportunity to present a fair accounting of their tenure under the trust and they should be reimbursed in the event they have to that date suffered an unavoidable loss. No such contention was made at the trial level and a loss in actuality may not exist; however, it would be putting form above equity to permit an early and unexpected prepayment to burden appellants with a financial loss and to the benefit of appellee. We are clothed with discretion to order a case reopened in exceptional circumstances for additional proof if that is necessary to achieve equity. See *Brizzolara* v. *Powell*, 214 Ark. 870, 218 S. W. 2d 728 (1949).

Affirmed as modified.