## Harold CONRAD v. William L. CARTER

73-107                                              500 S.W. 2d 336

Opinion delivered October 22, 1973

*Rhine & Rhine* and *George Thiel,* for appellant.

*Reid, Burge & Prevallet,* for appellee.

Lyle Brown, Justice. Appellant Harold Conrad, engaged in the business of clearing farm lands with heavy equipment, performed work for appellee William L. Carter, landowner. Appellant billed appellee for 67 hours of work at $15.00 per hour, which appellant claimed was the contract price. Appellee refused to pay that amount, claiming it was agreed that the maximum cost would run $150 per acre for bulldozing approximately two acres of land. The chancellor held that the purported contract was indefinite and decided the case under the *quantum meruit* rule, awarding appellant $350 for the work performed. On appeal it is contended that a definite contract was established and that the court erred in resorting to the *quantum meruit* rule.

There are two facets of the oral contract about which the parties disagree; one is the contract price, and the other being the time within which the work was to be performed.

With reference to the price, appellant said the sole agreement was $15.00 per hour. He did concede that they talked in terms of around $100 an acre:

Q. You didn't tell him that you could do it for a little over $100 an acre?

A. I told him if it was sprouts like he told me it was, that I could.

Q. You told him if it was like he told you it was you could do it for a little over $100 an acre?

A. Yes, but I had been in the business long enough, I knew that it wasn't just sprouts.

Q. A lot of people clear land for $100 an acre, don't they?

A. They can do it cheaper than that with a regular cutting blade.

Appellant also conceded that the amount billed "was awful high for this job".

Appellee's testimony differed. He said he asked appellant for an estimate of the total cost, to which appellant replied: "Well, it will run you over $100 an acre, you can count on that".

Q. How many acres were involved?

A. Two acres, and I said, "That's fine, that's good, if it run $150 it wouldn't be bad". Of course during this time I had Mr. Spence [tenant] and I told Mr. Conrad that Mr. Spence would represent me, that I wouldn't be there and wouldn't even know when they went out to do this work. [Mr. Carter, appellee, lived in Oklahoma].

* * * *

Q. Would you have hired Mr. Conrad to do this work for you at $15.00 per hour if he had not estimated the total cost to you per acre?

A. No, sir, I would not.

Witness W. B. Spence was present when the oral contract was made between the parties. He was appellee's tenant. His memory about what was said between the two men was admittedly hazy. He did have some recollection about a conversation concerning contracting the job and that appellant declined to do so. He expressed no opinion as to whether a maximum price per acre was estimated by appellant. The witness said that after appellant completed the job, the witness and his son spent five days with a tractor and a chisel plow, pulling out roots from the cleared ground; he also said they pulled out a tree that was eight inches at the butt and some fifteen feet long, the tree having been pushed into the ground. He said an old house place consisting of approximately one acre, and one acre of trees and saplings, were in the contract for clearance.

We hold that this was not a case for the application of the *quantum meruit* rule. Both parties agree that there was a contract for services and the disputed question was the nature of the contract. "Where there is an express contract for services at a fixed compensation, there can be no recovery *quantum meruit.*" *Christian & Taylor v. Fancher*, 151 Ark. 102, 235 S.W. 397 (1921). However, we resolve chancery cases de novo. It is clear to us that the two men talked in terms of $100 an acre; however, they have a different version of the conclusion they arrived at on a maximum. Appellant said he told appellee that the work could be done for $100 an acre "if it was sprouts like he told me it was". Appellee said he agreed that the cost could run as much as $150 per acre, and of course he should be bound by that agreement. The trial court observed that "it is ridiculous to say it would take 67 hours of bulldozer work to clear two and a fraction acres of land". The court also observed that it was evident that the dozer worked several hours "slopping around there on wet ground". There was also evidence that there were 130 trees, counting saplings, and that appellant said it would take fifteen minutes for each large tree. There was also evidence that in the category of large trees there were 21 trees better than 24 inches in circumference. It is our conclusion that the evidence establishes the contract to have been $15.00 per hour with a maximum of $150

per acre. On that basis the chancellor entered judgment for an amount equal to the contract which we find to have been entered into between the parties.

Affirmed.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice. Dissenting. I respectfully dissent because I feel that the evidence in this case is clear that the agreement did not limit Conrad's compensation to $150 per acre. It may well be that appellant claimed credit for more hours than he should have because of attempts to work when the soil conditions, due to weather, were not proper for land clearing or the use of Conrad's equipment. I agree that the case is not one for the application of quantum meruit and that Conrad is probably not entitled to the full amount claimed by him.