Mary Alice McDERMOTT et al *v.*
Herbert H. McADAMS, Executor, et al

81-69                                         616 S.W. 2d 476

Supreme Court of Arkansas
Opinion delivered May 26, 1981

*Moses, McClellan & McDermott,* by: *Harry E. McDermott,* for appellant.

*Rose Law Firm,* by: *J. Gaston Williamson,* for appellee Norma C. McClellan.

*Griffin Smith,* for appellee-executor.

DARRELL HICKMAN, Justice. Two decisions made by the Pulaski County Probate Court in the matter of the estate of John L. McClellan were consolidated for this appeal.

The first case involves only one of the appellants, Mary Alice McDermott, a daughter of McClellan, who was ordered by the probate judge to deliver to the estate certain stocks and certificates of deposit. McDermott resisted that order, claiming that the probate court had no right to determine title to these instruments. Her argument is simply an attempt to reargue an issue that was decided in *McDermott* v. *McAdams,* 268 Ark. 1031, 598 S.W. 2d 427 (Ark. App. 1980). The court in that case unequivocally decided that title to this property was in the estate and it cannot be relitigated. After the case was remanded, the probate judge ordered those documents changed to reflect ownership in the name of the estate rather than Mary Alice McDermott, individually or as trustee. From this order an appeal is taken attempting to reargue jurisdiction of probate court to decide title to these instruments. The order was based on Rule 70 of the Rules of Civil Procedure. This rule is essentially a recitation of Ark. Stat. Ann. § 62-2004(b) (Repl. 1971) which provides that the probate court ". . . shall have the same powers to execute its jurisdiction to carry out its orders and judgments . . . as now exist in courts of general jurisdiction." The order was purely executory, the issue of jurisdiction being moot.

The other case on appeal concerns an interpretation by the probate judge of McClellan's will. A dispute arose between the daughters of McCellan and the widow of McClellan regarding the payment of administrative ex-

penses and claims. In a lengthy memorandum the probate judge considered the arguments made by the parties and concluded that McClellan's will made no specific provision for payment of claims or administrative expenses and, therefore, he would follow Arkansas' abatement statute which is designed to cover just such a contingency. The abatement statute provides that when there is no specific provision regarding payment or claims of distribution and no general testamentary plan, shares of the distributees will abate in the following order:

(1) Property not disposed of by will;

(2) Property devised to the residuary devisee;

(3) Property disposed of by the will but not specifically devised and not devised to the residuary devisee; and

(4) Property specifically devised.

Ark. Stat. Ann. § 62-2903 (Repl. 1971).

It is not disputed that there is adequate property in the residuary of McClellan's will to pay these expenses. The appellants' argument is that there was an implied plan in McClellan's will that the expenses should be shared pro rata. In the alternative it is argued that the widow received "general bequests" and, therefore, should bear the proportionate part of the expenses. Finally, it is argued that McClellan's will called for an equal and fair distribution of the property and the probate court order will result in the widow receiving approximately 70% of the estate and other heirs 30%.

The record does not contain McClellan's will. The only evidence of the will's contents that we have is a paraphrased version that is contained in the memorandum opinion issued by the probate judge. According to that memorandum, the will provided that most furniture and personal effects located in McClellan's home in Washington, D.C., would go to the wife. Mention was made of an itemized list

of items that should go to Mary Alice unless the widow objected.

Two specific bequests were made, one to the Baptist Medical Center for $25,000.00 and one conditionally to the Crowley Ridge Academy for $10,000.00.

One half of the income of all real estate was bequeathed to the widow, with the balance to the residuary estate. One third of all personalty was bequeathed outright to the widow, with the express declaration that the bequest was intended to qualify for the marital deduction under federal estate laws.

The will provided that all federal estate taxes should be paid out of the rest and residue of the estate.

The residuary clause provided that all of the remaining property should be divided into four equal portions: One to McClellan's daughter, Doris; one to his daughter, Mary Alice; one to be divided in three equal shares going to three grandchildren; and one portion in trust to his stepdaughter, which bequest apparently has failed.

That is all that the probate judge had to go on concerning judgment and it is all that we have before us. The probate judge summed up his sentiments, which reflect ours, when he said of McClellan's intent:

> Why he made no specific provision for the payment of claims, I do not know. He may have thought that his direction concerning the payment of taxes took care of this problem; or, he may have relied upon knowledge that our abatement statute took care of it; or, he may have had something in his mind that no one else has thought about up to this time; or, he may have simply overlooked the problem. And so it is that I conclude that to imply intent one way or the other is rank speculation, and in this state of affairs, the better rule is for courts to apply the abatement procedure.

The will contains no express provision concerning

expenses or claims. We cannot find with any confidence that there was an express or implied testamentary plan. Consequently, we agree with the probate judge that it was proper in this case to apply the abatement statute.

Three other issues are raised by the appellants. The probate judge held that McClellan's interest in a limited partnership was personalty and not realty. McClellan owned 4.5% in a limited partnership with assets consisting of 1,500 acres of land. Ark. Stat. Ann. § 65-318 (Repl. 1980) reads: "A limited partner's interest in the partnership is personal property." The appellants concede that this is the majority rule. The probate judge so held and we affirm that decision.

The probate judge ruled that certain benefits McClellan's widow received from the federal government for McClellan's services as a United States senator were the widow's property and not property of the estate. The exact benefits and their nature are referred to in argument but the record is void of evidence of these benefits. Reference was made to 5 USCA §§ 5581 (2), 5582, 5595, and 5 USCA § 8343. Apparently there was a lump sum payment and monthly benefits which are being paid to the widow according to McClellan's election before his death. The appellants argue that McClellan was "possessed" of these benefits when he died and they should pass under his will. The probate judge equated such benefits to those of ordinary life insurance proceeds, joint bank accounts, or savings and loan accounts, and declared that these benefits were not the property of the estate. On this record we cannot say that the judge was clearly wrong.

The final issue concerns a slander lawsuit pending against the estate in the United States Court of Appeals, District of Columbia Circuit. The district judge has declared that the administrator of McClellan's estate could distribute the estate's property but only at the risk of the administrator being liable for any judgment that may be entered. Rather than do so, the administrator recommended to the trial judge that certain assets be retained by the estate for this possible liability. The administrator suggested that the two pieces of property to be withheld from distribution should

be certain real estate in Malvern, Arkansas, and the limited partnership interest. The appellants object to withholding any distribution, arguing that no valid claim has been filed in the slander suit. The probate judge in a purely discretionary act decided to protect the administrator and withheld distribution of some of the assets. In order to be fair, the judge included some property that would go to the widow so the burden would be equally borne. We cannot say on this record the judge abused his discretion. The widow objected to withholding her property and argues this point on appeal. Apparently she is not serious because no notice of cross-appeal was filed.

The decision of the probate judge in both cases is affirmed.

Affirmed.

HOLT, J., not participating.

PURTLE and HAYES, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I think this record should be sent back to the trial court for the purpose of incorporating the will into the record on appeal. Arkansas Rules of Appellate Procedure, Rule 6(e) states:

> ... If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties may by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, *or the appellate court on proper suggestion, or on its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary, that a supplemental record be certified and transmitted.* ...
> (Emphasis added)

It is evidence from reading the above rule that this court has the expressed authority to require that the will, which is the subject matter of this controversy, be included in the record before us. It is even more obvious that we will be

unsure we are reaching a correct result unless we have the decedent's will before us for review.

Ark. Stat. Ann. § 62-2903 (b) (Repl. 1971) (Abatement Statute) states:

> If the provisions of the will or the testamentary plan or the express or implied purpose of the devise would be defeated by the order of abatement stated in subsection (a) hereof, the shares of distributees shall abate in such other manner as may be found necessary to give effect to the intention of the testator.

From the fragments of the will which are included in the abstract and briefs, I feel I can state that the late senator intended that his bounty be divided as follows: one third to his widow and the balance of the property to be split in four equal portions. These portions were: one portion to his daughter, Doris; one portion to his daughter, Mary Alice; the third part to be divided equally between his four grandchildren; and one portion to his stepdaughter, Norma LeFevers, on specific condition which if such condition failed this devise would revert to the remaining three devisees. The decedent further had a provision that the inheritance or estate tax should not be paid from the widow's portion. Additionally, it appears to me that the devise to the widow is more in the nature of a general than specific devise.

It is obvious the trial court was greatly disturbed by the problems presented in the probate of this will. It cannot be more clearly expressed when he stated:

> ... A great deal of law on this problem is cited by both parties, but because I have determined that the answer is the abatement statute, I leave the issue unresolved. I conclude that it would be pure speculation to imply this intent in either direction.

Certainly, it cannot be argued that either side prevailed in the court below because of a preponderance of the evidence or the weight of the evidence or anything other

than a decision similar to a flip of the coin. We should not leave the trial court and the parties with a situation such as this. The only way we can confidently render an opinion in this case is that we have the will before us in order to determine the intention of the testator.

In the case of *Fish* v. *Bush*, 253 Ark. 27, 484 S.W. 2d 525 (1972), we stated:

> ... Occasionally we do send an equity case back for additional proof when there is justification for a deficient record. For instance, we followed that course in *Hutchison* v. *Sheppard*, 225 Ark. 14, 279 S.W. 2d 33 (1955), because an important question of fact had been overlooked by all the parties both in the trial court and here. ...

We followed the same rule in *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W. 2d 18 (1979), wherein we stated:

> ... Where the case has been once heard upon the evidence or there has been a fair opportunity to present it, this court will not usually remand a case solely to give either party an opportunity to produce other evidence; the rule, however, is not imperative and this court has the power, in furtherance of justice, to remand any case in equity for further proceedings, including hearing additional evidence. ...

Ark. Stat. Ann. § 62-2004 (b) (Repl. 1971) provides that the probate court shall have the same power to execute its jurisdiction, carry out its orders and judgment as exist in courts of general jurisdiction. Although the trial court is not primarily involved in the matter at this point, I refer to the foregoing statute to show that probate courts should come under the same rule as chancery courts in the cases cited above. At this time the matter is solely up to this court and if it would truly like to determine the intent of the testator, it could return the record to the trial court for completion or could issue certiorari and order it sent up.

Although I have no particular authority to support my

opinion, I feel that the intent of the testator is visible in this case. It appears to me that he intended his debts and taxes to be paid first and then the legacies therein enumerated be awarded. I cannot make the bold statement that I have determined this to be so from looking at the four corners of the instrument because we do not have that instrument before us. Therefore, I would remand the case for the purpose of completing the record to include the will of the decedent or in the alternative issue certiorari for the instrument to be forwarded to this court.

HAYS, J., joins in this dissent.