Charlotte L. HANSEN *v.* Dennis Wayne HANSEN

CA 83-389                                   666 S.W.2d 726

Court of Appeals of Arkansas
Division I
Opinion delivered April 4, 1984

*Howard & Howard,* by; *William B. Howard,* for appellant.

*Macom, Moorhead, Green & Henry,* by: *J. W. Green, . Jr.,* for appellee.

GEORGE K. CRACRAFT, Judge. Charlotte L. Hansen appeals from that part of the divorce decrees which provides that the custody of her three year old child should be joint with her husband Dennis Wayne Hansen. Under the provisions of the decree physical custody would be for alternating periods of approximately 3 months each, commencing July 15, 1983 and would provide for visitation by the absent parent for at least one three day period per month. The decree further provided that when the child started kindergarten in August 1985 physical custody would be placed with the appellant during the school years with specific reasonable visitations in the appellee, who would have custody during the summer months. Appellant

contends that the court erred in awarding split custody and should have given her primary custody with specific reasonable visitation awarded to the appellee. We agree.

The law pertaining to joint or divided custody is now well settled in this state. Although equally divided custody of minor children is not generally favored, it may be ordered where the circumstances clearly warrant it. The paramount issue in all custody cases is the welfare and best interest of the child. If it is shown that the interest of the child is better fostered by divided custody we have held that this is a proper order for a court to make. *Drewry* v. *Drewry*, 3 Ark. App. 97, 622 S.W.2d 206 (1981).

In *Drewry* we affirmed an award of joint custody where there were factors which, when viewed from the superior position of the chancellor, clearly warranted the order. In *Drewry* both parents lived in the same community and each could rear the child in his accustomed environment, and had the same time available to devote to it. The parents had been sharing equally the care of the child who had no emotional or other problems. The only effect of that order was that the child merely changed the place of principal residence within the same community on a biannual basis. There was no evidence in that case that there was any disagreement between the parents as to the manner in which the child should be raised. The child could mature in the presence of both parents with a sense of security without being subjected to the emotional trauma of experiencing an abrupt severance of a relationship with both parents by a sudden change in custody and environment.

The circumstances in this record are quite different from those in *Drewry*. In this case the parties were living in Stuttgart at the time the child was born. The appellee testified that from the time of birth he shared equally in the duties of taking care of the child and attending to all of her needs. This was disputed by the appellant, who contended that she had the primary duty of caring for the child. The child was born in July 1980 and was one year and seven months old when the parties separated. At the time of separation the appellant returned to her home in Kennett,

Missouri, taking the child with her. According to the testimony of the appellee, from the period between February 1982 and the date of trial his visitation with the child was "sporadic." Both parties testified that there had been constant disputes with regard to visitation, each blaming the other for the problems. It is also clear from the testimony that the parties are not working in concert to raise the child. They have differing ideas in many areas as to her upbringing, including diet, discipline and even as to the length of her fingernails.

Appellee testified that on many occasions appellant appeared to be more interested in her own hair and makeup than she did in the child, and she testified that he spent too much time drinking and pursuing other women. The appellee accused her of having a tendency to be hysterical and she stated that he was short tempered and had no patience with the child. Both parents work and both testified that the child would have to be in day care during working hours. Additionally we note that from February 19, 1982 until the date of the decree on June 9, 1983, the child was in the principal custody of her mother in Kennett, Missouri with sporadic visitation with the appellee and that the temporary order entered on December 8, 1983 continued primary custody in the mother. Thus it appears that this child has spent the last year and three months of her life with her mother with only short, occcasional visits with the father. Unlike *Drewry* the present order will not avoid subjecting the child to the emotional and psychological trauma of adjusting to one parent and experiencing the abrupt severance of that relationship by a sudden change in custody and environment to another parent. She would now be abruptly removed from the primary custody of her mother and accustomed surroundings for three months and every other three months thereafter. She would have two homes located in different states. She would have to adjust to two day care facilities and two sets of companions and associates. Her environment, diet and disciplinary rules would change every three months.

The appellate court does not disturb a chancellor's findings unless they are clearly against a preponderance of

the evidence giving due regard to the opportunity of the chancellor to judge the credibility of the witnesses. In cases involving child custody a heavier burden is cast upon the chancellor to utilize to the fullest extent all of his powers of perception in evaluating the witnesses, their testimony and the child's best interest. This court has no such opportunity and we know of no case in which the superior position, ability and opportunity of a chancellor to observe the parties carries as great a weight as one involving minor children. *Calhoun* v. *Calhoun*, 3 Ark. App. 270, 625 S.W.2d 545 (1981).

We do not depart from these well established tenets. However, after considering the age of the child, the attitudes of the parents toward each other, and their differing opinions as to how the child should be raised, we conclude that the chancellor's finding that the child's best interest would be fostered by ordering divided custody on a three month basis is clearly erroneous.

Chancery cases are tried *de novo* on appeal. On such a review all issues of law or fact raised in the chancery court are before the court for determination. Where error appears and the record is fully developed so that we can plainly see where the best interest of this minor lies we should correct the error by entering the decree which should have been entered by the chancellor. *Ferguson* v. *Green,* 266 Ark. 556, 587 S.W.2d 18 (1979). The appellate court does have a discretionary power to remand an equity case for further testimony or proceedings on a limited point if that is necessary to achieve equity. *Arnett* v. *Lillard,* 247 Ark. 931, 448 S.W.2d 626 (1970); *Ferguson* v. *Green, supra.*

From our *de novo* review of the record we conclude that the order which the chancellor should have entered would award custody to the appellant, making adequate provision for periodic visitation by the appellee and an extended visitation during the summer months, not to exceed three weeks.

In the order appealed from the chancellor provided

specific visitation for the absent parent while the child was in custody of the other. That visitation would not necessarily be fair and equitable under the order as we would modify it. The evidence on which that visitation schedule was determined does not appear in the record with sufficient clarity for us to make those determinations here. In the exercise of our discretion we remand the case for further proceedings on the issue of visitation of the minor child with the appellee.

The cause is remanded with directions that the chancellor enter an order not inconsistent with this opinion in which adequate rights of visitation are provided for appellee. In all other respects the decree is affirmed as modified.

Affirmed in part and reversed and remanded in part.

MAYFIELD and CLONINGER, JJ., agree.